**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4738

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARD LAMONT LIGHTY, a/k/a Richard Dock,
a/k/a Bro, a/k/a Richard Duck, a/k/a Young,
a/k/a Black, a/k/a Melvin,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.  Samuel G. Wilson, District
Judge.  (CR-04-72)

Submitted:  April 3, 2007          Decided:  April 19, 2007

Before WILKINS, Chief Judge, and WIDENER and WILKINSON, Circuit
Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Onzlee Ware, WARE & HILL, L.L.P., Roanoke, Virginia, for Appellant.
John L. Brownlee, United States Attorney, Morgan E. Scott, Jr.,
First Assistant United States Attorney, Georgianna Gaines, Third
Year Practice Law Student, OFFICE OF THE UNITED STATES ATTORNEY,
Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Lamont Lighty pleaded guilty to one count of conspiring to distribute cocaine base, see 21 U.S.C.A. § 846 (West 1999), and two counts of possessing a firearm in furtherance of a drug trafficking offense, see 18 U.S.C.A. § 924(c)(1)(A) (West Supp. 2006). He now challenges his convictions and sentence. We affirm in part and dismiss in part.

## I.

## A.

We first consider Lighty's claim that the district court abused its discretion when it denied his motion to withdraw his guilty plea. See United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (stating standard of review). A defendant may withdraw a guilty plea before sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason ... is one that essentially challenges ... the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). Having reviewed the record, we hold that Lighty failed to carry his burden. We therefore affirm the denial of his motion to withdraw his guilty plea.

B.

Next, Lighty claims that the district court abused its discretion in denying counsel's motion to withdraw. See United States v. Johnson, 114 F.3d 435, 442 (4th Cir. 1997) (stating standard of review). In evaluating whether the trial court abused its discretion, we consider (1) the timeliness of the motion, (2) the adequacy of the court's inquiry, and (3) whether the attorney-client conflict "was so great that it resulted in a total lack of communication preventing an adequate defense." Id. (internal quotation marks omitted). After reviewing the record, we can find no abuse of discretion.

C.

Turning to Lighty's challenges to his sentence, we note that as part of his plea agreement, Lighty waived the right to appeal his sentence and any findings of fact the district court made regarding drug quantity or any other guideline issue. An appeal waiver is valid if the defendant knowingly and intelligently agreed to waive his right to appeal. See United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005).

Our review of the record reveals that the district court conducted an adequate Rule 11 plea colloquy. The court questioned Lighty regarding the appeal waiver, and he stated that he understood the waiver. Because Lighty presents no basis to suggest

3

that his appeal waiver was not knowingly and intelligently made, his attempts to challenge his sentence on appeal are foreclosed by the waiver provisions in his plea agreement.

## II.

For the reasons stated above, we affirm Lighty's conviction and dismiss the portion of Lighty's appeal challenging his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; DISMISSED IN PART</u>